UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

10 0

BLUMENTHAL DISTRIBUTING, INC. dba OFFICE STAR PRODUCTS

Plaintiff,

vs.

EXECUTIVE CHAIR, INC. dba SHOP SEATING OF BROOKLYN

Defendant.

Case No.

AMON, J.

GOLD, M.J.

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

**AND TEMPORARY RESTRAINING ORDER**

Upon the *ex parte* Application of Plaintiff Blumenthal Distributing, Inc. for a temporary restraining order and preliminary injunction, the declarations of Barry Barsamian and Edward R. Schwartz in support thereof, and the complete record of this action, it is hereby

A. **ORDERED** that Defendant show cause before this Court on the 1st day of April, 2010, before the Honorable Carol B Amon, United States District Judge, in Room 10D of the United States Courthouse located at 225 Camden Plaza East, Brooklyn, New York at 2:00 p.m., why an order should not be made and entered herein, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

(1) enjoining and restraining Defendant Executive Chair, Inc. ("Executive Chair"), its officers, directors, partners, agents, servants, employees, attorneys, subsidiaries, and those acting in concert with it, who receive actual notice of this Order by personal service or otherwise, from importing, distributing, offering for sale or selling any goods that embody the design contained in United States Patent No. D510,488, a

copy of which is attached hereto as Exhibit A, including but not limited the goods identified by Mr. Pinny Cohen, Defendant's Marketing Director, as "clones" of Office Star's 5500 and 5700 chairs;

(2) directing Defendant Executive Chair to disclose to Plaintiff or its attorneys within ~~three (3) days from receipt of this Order~~ by April 1, 2010, all persons or businesses who Executive Chair knows to have come into possession or control of goods identified by Cohen as "clones" of Office Star's 5500 and 5700 chairs; and

(3) directing Defendant Executive Chair to disclose to Plaintiff Office Star or its attorneys ~~within three (3) days from receipt of this Order~~ by April 1, 2010, the location of all goods identified by Cohen as "clones" of Office Star's 5500 and 5700 chairs; and it is further

B. **ORDERED** that Plaintiff may take expedited discovery of Defendant Executive Chair by serving interrogatories and document requests pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, to which Defendant Executive Chair must substantively respond in writing, within ten (10) business days of service, and that Plaintiff may take a deposition of Defendant Executive Chair or its officers, directors, agents, employees, subsidiaries, and those acting in concert with any of them in the Eastern District of New York no later than ten (10) business days after service of a Notice of Deposition; and it is further

C. **ORDERED** that service of copies of this Order to Show Cause, together with copies of all of Plaintiff's supporting papers and Complaint, be effected upon Defendant Executive Chair, either by hand or by overnight postal service, to Defendant Executive Chair or to its counsel, by not later than the 25 day of March, 2010; and that such service shall constitute due and sufficient notice hereof; and it is further

D. **ORDERED** that Plaintiff shall not need to post a bond pursuant to this motion

with the Clerk of the Eastern District of New York as any financial loss incurred by Defendant Executive Chair is *de minimis*; and it is further

E. **ORDERED** that Defendant Executive Chair's answering papers in opposition to Plaintiff's Motion be filed with this Court and personally served either by hand or by overnight postal service upon Plaintiff's counsel of record not later than the 30 day of March, 2010; and it is further

F. **ORDERED** that sufficient reason having been shown for a Temporary Restraining Order pending the hearing on Plaintiff's application for a Preliminary Injunction, that Defendant Executive Chair, its officers, directors, agents, employees, subsidiaries, and those acting in concert with any of them, are temporarily restrained and enjoined from importing, distributing, offering for sale or selling any goods that embody the design contained in United States Patent No. D510,488, a copy of which is attached hereto as Exhibit A, including, but not limited to, the goods identified by Mr. Pinny Cohen, Defendant's Marketing Director, as "clones" of Office Star's 5500 and 5700 chairs; and it is further

G. **ORDERED** that sufficient reason having been shown for a Temporary Restraining Order pending the hearing on Plaintiff's application for a Preliminary Injunction, that Defendant Executive Chair to disclose to Plaintiff's attorneys within three (3) days from receipt of this Order, all persons or businesses who Executive Chair knows to have come into possession or control of goods identified by Executive Chair's Marketing Director, Pinny Cohen, as "clones" of Office Star's 5500 and 5700 chairs; and it is further

H. **ORDERED** that sufficient reason having been shown for a Temporary Restraining Order pending the hearing on Plaintiff's application for a Preliminary Injunction, that Defendant Executive Chair disclose to Plaintiff's attorneys within three (3) days from receipt of

this Order, the location of all goods identified by Executive Chair Marketing Director, Pinny Cohen, as "clones" of Office Star's 5500 and 5700 chairs.

This is the first request by Plaintiff for such relief, and as such,

**IT IS SO ORDERED.**

Dated: Brooklyn, New York
March 24, 2010

s/Hon. Carol B. Amon

Judge, United States District Court

SES PAS892044.2-*-03/18/10 4:45 PM

The Court declined to grant the relief of a temporary restraining order because there is no evidence of any notice of this application to the defendant and no compliance with Rule 65 (b) 1 (A) and 1 (B)

So Ordered

Carol Amon
3/24/10