POLTORAK PC
Attorneys & Counselors at Law

ב"ה

Elie C. Poltorak
(718) 989-9814
elie@poltoraklaw.com

January 14, 2011

**VIA ECF**

Hon. Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Blumenthal Distributing, Inc. dba Office Star Products et ano. v. Executive Chair, Inc. dba Shop Seating of Brooklyn*** **(Index # 1:10-CV-01280 (CBA-SMG))**

Dear Judge Gold:

We represent Defendant Executive Chair Inc. in the above-captioned matter. This letter shall serve as a response to the letter application for a protective order, dated January 7, 2011 (the "Application"), by Edward R. Schwartz, counsel for Plaintiffs.

As a preliminary matter, contrary to the Application, it is not the undersigned who has chosen to bring the issues to a head "by serving three notices of deposition on January 5, 2011 for depositions to be conducted on January 10 and 12, 2011." Rather, the undersigned e-mailed Mr. Schwartz on December 20, 2010, inquiring as to Plaintiffs' availability for depositions as a courtesy, prior to serving notices of deposition. (The depositions could not be conducted earlier as the undersigned, a sole practitioner, took several weeks paternity leave following the birth of a child, thereby creating a significant backlog.) Following a second inquiry, opposing counsel responded on January 3, 2011 and indicated that Blumenthal Distributing, Inc.'s officers would only agree to be deposed in California or by telephone. A copy of the e-mail chain is annexed hereto as Attachment A.

To address the Application's points item by item:

1. Firstly, Mr. Schwartz has not conferred with the undersigned regarding this matter as required. Had he done so, the undersigned would have been amenable to any reasonably proposed time for Mr. Su's telephonic deposition. A telephone deposition linking New York, Taiwan, and California creates obvious timing difficulties. That is not Defendant's fault. The alternative is for Plaintiff Su to travel to the district for his deposition. Similarly, it is not

47789





Defendant's responsibility to arrange the logistics of such an accommodation for Mr. Su, including the presence of an officer authorized to administer oaths in Taiwan.

2. It is well settled that a plaintiff must appear for deposition in the district in which he has brought suit. Unlike a witness, a plaintiff cannot invoke mere fact of inconvenience or expense as legitimate reason to refuse to appear and submit himself to questioning by defendant regarding basis for claim. *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603 (D. Nev. 1999) (denying motion for telephonic depositions for lack of showing of "extreme hardship").

In fact, the only case cited by Mr. Schwartz in support of his position, *Newman v. Metropolitain Pier and Exposition Authority*, 962 F. 2d 589,591-92 (7th Cir. 1992), stands for precisely the opposite conclusion. In *Newman*, Judge Posner affirmed the dismissal of a slip-and-fall action, where the plaintiff failed to appear for depositions. In so finding, the court speculates that it "can imagine a case in which an order that the plaintiff appear for his deposition in the district in which he had filed the suit would be unreasonable." 962 F.2d at 591. That is a thin reed indeed for Plaintiffs to lean on.

"Telephone depositions are not recommended for obtaining controversial testimony. You cannot observe the impact of your questions or the witness' nonverbal responses. Moreover, you will be unable to ascertain if anyone is listening in or 'coaching' the witness." William W Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11.443 (1997). "In addressing motions for protective orders pursuant to Rule 26(c), this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances." *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984) (denying motion for telephonic deposition); *see also, Dubai Islamic Bank v. Citibank, N.A.,* No. 99 Civ. 1930, 2002 U.S. Dist. LEXIS 9794 (S.D.N.Y. May 28, 2002).

In light of the aforesaid, Defendant respectfully requests that the Court reconsider its earlier *sua sponte* order allowing Mr. Su to be deposed telephonically and require him to appear in the district for his deposition. Defendant respectfully submits that such an order may only be made on motion, pursuant to F.R.C.P. 30(b)(4) ("The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means.") Defendant further respectfully submits that Plaintiff Su has not made a showing—nor can he make a showing—of "extreme hardship" preventing his personal appearance. Mr. Su's deposition is vital to Defendant's case in that he is the only person with firsthand knowledge of the creation of





the patented design, the prior art, and the patent application process. Furthermore, his affidavit alleging the existence of an exclusive license was the basis of Blumenthal's standing in this matter.

3. As previously stated, the delay in serving the Notice of Deposition was occasioned, at least in part, by Mr. Schwartz's delay in responding to a request for available dates. Defendant should not be penalized for extending such courtesy to Plaintiffs. Moreover, the deposition is now unlikely to take place within 30 days of the notice. As such, Defendant respectfully request that the Court allow its demand for production *nunc pro tunc*.

4. Mr. Schwartz's arguments as to the identity of the deponents and timing of depositions is simply a red herring. Firstly, Defendant has noticed the deposition solely of individuals listed in Plaintiffs' interrogatory responses as having personal knowledge of the facts and circumstances at issue herein. A copy of the relevant portion of said responses is annexed hereto as Attachment B. Secondly, the precise timing of the depositions was chosen arbitrarily, given the circumstances and the lack of agreement between the parties. Defendant has no way of predicting which deponent shall provide the most pertinent testimony or how long any particular deposition may take. Thirdly, Defendant noticed the depositions during the times Mr. Schwartz indicated such individuals would be available, with the exception of Richard Blumenthal, about whom Mr. Schwartz informed the undersigned on the evening of January 3rd that he would be travelling overseas in 72 hours.

Additionally, in its aforesaid responses, Plaintiffs list an "Amy Chen" as having personal knowledge "re Office Star's license of the patent-in-suit, the business of Office Star Products including its promotion and sale of 5500 and 5700 chairs, the earned success of the 5500 and 5700 chairs, Office Star's profit margins, and Executive Chair's infringement." Mr. Schwartz has indicated that Ms. Chen is not employed by Plaintiffs; however, Plaintiffs failed to identify Ms. Chen in accordance with Local Rule 26.3(c)(3), despite a request to do so. As a result, Defendant is unable to serve a subpoena upon Ms. Chen, having nothing more to go on than her name. Defendant respectfully requests that the Court compel Plaintiffs to comply with said rule in identifying Ms. Chen.

To summarize: Defendant respectfully request that the noticed parties be required to appear in the district for their depositions. In the event the Court allows Mr. Su to be deposed telephonically, Defendant respectfully requests that he be compelled to arrange for the presence of an officer authorized to administer oaths in his jurisdiction. Defendant further respectfully





requests that Plaintiffs be compelled to identify Amy Chen in accordance with Local Rule 26.3(c)(3).

Respectfully submitted,

POLTORAK PC

Elie C. Poltorak

ECP:aa

cc: Edward R. Schwartz, Esq., CHRISTIE, PARKER & HALE, LLP (via ECF)

# EXHIBIT A

**From:** Elie Poltorak
**To:** Avraham Aizenman
**Subject:** FW: Blumenthal v. Executive Chair
**Date:** Friday, January 14, 2011 4:04:13 PM
**Attachments:** image001.png

---

**From:** Elie Poltorak
**Sent:** Wednesday, January 05, 2011 1:20 AM
**To:** 'Ed Schwartz'
**Subject:** RE: Blumenthal v. Executive Chair

1. The cases you cite relate to DEFENDANTS. A Plaintiff must travel to the district for his deposition. Plaintiff, unlike witness, cannot invoke mere fact of inconvenience or expense as legitimate reason to refuse to appear and submit himself to questioning by defendant regarding basis for claim. United States v Rock Springs Vista Dev. (1999, DC Nev) 185 FRD 603, 44 FR Serv 3d 387, subsequent app (2001, CA9 Nev) 8 Fed Appx 837, cert den (2001) 534 US 1018, 151 L Ed 2d 420, 122 S Ct 542.
2. The court allowed Mr. Su to be deposed telephonically as an accommodation. If he does not cooperate, I will have no choice but to make an application to compel his attendance in the district.
3. Please identify Amy Chen in accordance with Local Rule 26.3(c)(3), as requested by Defendant's Interrogatory No. 2, and "set forth the substance of facts as to which" she has knowledge.

Best,
Elie

**Elie C. Poltorak**

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com




This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Ed Schwartz [mailto:Edward.Schwartz@cph.com]
**Sent:** Tuesday, January 04, 2011 12:33 PM
**To:** Elie Poltorak
**Cc:** Suzanne E. Swezey
**Subject:** RE: Blumenthal v. Executive Chair

1. 41 FRD 330; 59 FRD 174; 48 F. 3d 478 among others

2. We are not taking the deposition and therefore are not responsible for making certain that it complies with local statutes and procedures. In this regard, contrary to your assertion, we are not responsible for hiring someone in Taiwan to administer the oath to Mr. Su. If you have authority for your position, please provide it to me.

FYI, I will traveling to Boston today for a hearing on Wednesday and will be back in the office on Thursday. Since I will not have access to my e-mails during my trip, further communications should be left on my voice mail during my trip or you can contact me again by e-mail on Thursday.

-----Original Message-----
**From:** Elie Poltorak [mailto:elie@poltoraklaw.com]
**Sent:** Tuesday, January 04, 2011 12:49 AM
**To:** Ed Schwartz
**Subject:** RE: Blumenthal v. Executive Chair

Ed:

1. Can you cite any authority in support of your position? My understanding is that the plaintiffs' depositions take place in the venue they bring suit in.
2. As far as Su's telephonic depositions, we will arrange for a translator but it is your client's responsibility to arrange "for the proper steps under Taiwanese law," including providing for a person authorized to take his oath.

Best,
Elie

**Elie C. Poltorak**

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com




This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Ed Schwartz [mailto:Edward.Schwartz@cph.com]
**Sent:** Monday, January 03, 2011 6:19 PM
**To:** Elie Poltorak
**Subject:** RE: Blumenthal v. Executive Chair

No, they do not. Corporate designees and officers are deposed at their situs, not the court's.

Rick Blumenthal will be available on Thursday January 6 at 1:00 Pacific time and will be leaving the country on a business trip that evening. We are amenable to your taking his deposition by telephone.

Barry Barsamian will be Blumenthal's 30(b)(6) witness. Both he and Jennifer Blumenthal will be available on January 12.

Amy Chen is not an officer or employee of Blumenthal Distributing and therefore you will need to arrange for her deposition directly with her since I do not presently represent her.

Lastly, I expect to know Su's availability within the next couple of days. In this regard, I trust that you will have an interpreter available for Su and that you have taken the required steps under Taiwanese law to take his deposition there.

-----Original Message-----
**From:** Elie Poltorak [mailto:elie@poltoraklaw.com]
**Sent:** Monday, January 03, 2011 2:08 PM
**To:** Ed Schwartz
**Subject:** RE: Blumenthal v. Executive Chair

Your clients need to come to New York. They're the Plaintiffs.

Best,
Elie

**Elie C. Poltorak**

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com

POLTORAK PC
Attorneys & Counselors at Law

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Ed Schwartz [mailto:Edward.Schwartz@cph.com]
**Sent:** Monday, January 03, 2011 5:07 PM
**To:** Elie Poltorak
**Subject:** RE: Blumenthal v. Executive Chair

Do you intend to take all of the depositions by telephone or will you be coming to California for them?

-----Original Message-----
**From:** Elie Poltorak [mailto:elie@poltoraklaw.com]
**Sent:** Monday, January 03, 2011 2:14 AM
**To:** Ed Schwartz
**Subject:** RE: Blumenthal v. Executive Chair

Ed:

You never got back to me about your clients' availability. We are approaching the discovery cut-off date of 1/14. Please let me know ASAP.

Best,
Elie

**Elie C. Poltorak**

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com

POLTORAK PC
Attorneys & Counselors at Law

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Ed Schwartz [mailto:Edward.Schwartz@cph.com]
**Sent:** Monday, December 20, 2010 1:10 PM
**To:** Elie Poltorak
**Subject:** RE: Blumenthal v. Executive Chair

Before I determine availability, who do you intend to depose?

-----Original Message-----
**From:** Elie Poltorak [mailto:elie@poltoraklaw.com]
**Sent:** Monday, December 20, 2010 9:58 AM
**To:** Ed Schwartz
**Subject:** RE: Blumenthal v. Executive Chair

Ed:
When are your clients available for depositions?

Best,
Elie

**Elie C. Poltorak**

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com




This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Ed Schwartz [mailto:Edward.Schwartz@cph.com]
**Sent:** Wednesday, October 27, 2010 4:28 PM
**To:** Elie Poltorak
**Subject:** RE: Blumenthal v. Executive Chair

I am not authorized to grant an extension and in any event, the court set the date for close of discovery and my understanding is that date is solid unless you obtain an extension from the court. Frankly, it would likely take nearly as long to prepare a motion for continuance of the discovery period as it would to draft the discovery requests.

-----Original Message-----
**From:** Elie Poltorak [mailto:elie@poltoraklaw.com]
**Sent:** Tuesday, October 26, 2010 9:57 PM
**To:** Ed Schwartz
**Subject:** RE: Blumenthal v. Executive Chair

Ed:
Can I please have an extension on our time to serve discovery demands? I have deadlines in a bunch of cases and am simply swamped with work. I can certainly get our demands to you sometime next week. Would that be ok?

Best,
Elie

**Elie C. Poltorak**

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com




This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Ed Schwartz [mailto:Edward.Schwartz@cph.com]
**Sent:** Tuesday, September 21, 2010 1:43 PM
**To:** Elie Poltorak
**Subject:** Blumenthal v. Executive Chair

If your client's representations concerning Executive Chair's revenues is confirmed by its annual statements, I will withdraw Blumenthal's motion for leave to amend to add him individually as a defendant. In view thereof and since I will be on vacation all next week, please e-mail or fax the documents to me by Friday so that I can review them and take action to withdraw the motion if appropriate

Please let me know by return e-mail if you will be sending me the annual statements as requested.

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1191 / Virus Database: 1435/3356 - Release Date: 01/03/11

# EXHIBIT B

Barry N. Barsamian
Vice President Corporate Projects/Supply Chain
Office Star Products
1901 South Archibald Avenue
Ontario, California 91761
Tel. 909-930-2000

Edward R. Schwartz
Intellectual Property Attorney
Christie, Parker & Hale, LLP
350 West Colorado Boulevard, Suite 500
Pasadena, California 91105
Tel. 626-795-9900

**INTERROGATORY NO. 2:**

Identify all persons who have knowledge of facts related to the subject matter of this litigation and, as to each person identified, set forth the substance of facts as to which such person has knowledge.

**RESPONSE TO INTERROGATORY NO. 2:**

Richard Blumenthal, Jennifer Blumenthal, Amy Chen, Barry Barsamian — re Office Star's license of the patent-in-suit, the business of Office Star Products including its promotion and sale of 5500 and 5700 chairs, the earned success of the 5500 and 5700 chairs, Office Star's profit margins, and Executive Chair's infringement; Tung-Hua Su re creation of the design embodied in the patent-in-suit.

**INTERROGATORY NO. 3:**

Identify all persons who assisted in the preparation of the answers to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Barry Barsamian and Edward R. Schwartz