UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BLUMENTHAL DISTRIBUTING, INC. dba
OFFICE STAR PRODUCTS, and
TUNG-HUA SU,

**NOT FOR PUBLICATION**
MEMORANDUM AND
ORDER

Plaintiffs,

-against-

10-CV-1280 (CBA)(SMG)

EXECUTIVE CHAIR, INC. dba
SHOP SEATING OF BROOKLYN.

Defendant.
------------------------------------------------------------------x
AMON, United States District Judge:

Plaintiff Blumenthal Distributing, Inc. ("Blumenthal") brought this action seeking monetary and injunctive relief based on the alleged infringement by defendant Executive Chair ("defendant" or "Executive Chair"), of a patent ("the '488 patent") owned by Tung-Hua Su ("Su"). Su later joined the action as a co-plaintiff. In their amended complaint, Blumenthal and Su bring claims alleging (i) patent infringement, in violation of 35 U.S.C. §§ 1, *et seq.*; (ii) trade dress infringement in violation of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a); and (iii) unfair competition under the common law of New York.

Blumenthal now seeks a preliminary injunction enjoining defendant, Executive Chair from "importing, offering for sale, or selling any chairs which embody the design" shown in Mr. Su's patent "or which infringe the trade dress" of its office chairs. Su has not joined the motion. The Court referred this motion to Magistrate Judge Steven M. Gold for a report and recommendation ("R&R"). Magistrate Judge Gold issued an R&R recommending that the Court grant the plaintiff's motion. Executive Chair filed timely objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1).

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); see also Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Upon a review of the record, the Court hereby adopts the R&R as the opinion of the Court insofar as it recommends issuing a preliminary injunction based on the plaintiff's patent claims.

Defendant objects to the Magistrate Judge's finding that Blumenthal has standing to sue for infringement of the '488 Patent. The Magistrate Judge relied on case law arising from the Federal Circuit holding that an agreement creating an exclusive license need not be in the form of a written contract to establish standing where, as here, the patentee is a co-plaintiff. See Aspex Eyewear, Inc. v. Altair Eyewear, Inc., 288 Fed. Appx. 697, 706 (Fed. Cir. 2008) ("[A]n exclusive license need not be in writing for the exclusive licensee to have standing to sue with the patentee as a co-plaintiff." (citing Waymark Corp. v. Porta Sys. Corp., 334 F.3d 1358, 1364 (Fed. Cir. 2003))); see also Weiner v. Rollform, Inc., 744 F.2d 797, 807 (Fed. Cir. 1984).

First, defendant argues that the cases relied on by the Magistrate Judge are inapposite due to their procedural posture. In Aspex, the court found that a material dispute of fact remained on a motion for summary judgment. The material dispute of fact in Aspex went to the existence or non-existence of an oral contract granting an exclusive license. The Magistrate Judge relied, however, not on the Aspex court's findings of fact, but on its finding of law that an oral contract creating an exclusive license could create standing where the patent owner is joined as a co-plaintiff. Aspex Eyewear, Inc. v. Altair Eyewear, Inc., 288 Fed. Appx. 697, 706 (Fed. Cir. 2008). Similarly, in Weiner, the court analyzed a plaintiff's rights after a jury verdict and determined that the jury could rely on evidence of an oral contract to find that the plaintiff had an

2

exclusive license and could be awarded damages for patent infringement. 744 F.2d at 807. The procedural posture of both cases, therefore, does not affect their relevance to the instant motion.

To the extent the defendant argues that the evidence relied on by the Magistrate Judge was insufficient to demonstrate a likelihood of success on the merits as to the existence of an oral agreement, the Court also rejects that argument. The Magistrate Judge relied on affidavits from Su and Barry Barsamian, Blumenthal's Vice President of Corporate Projects, stating that Blumenthal is the exclusive licensee of the '488 Patent. Defendant argues that, as such, the Magistrate Judge relied on "a bare allegation." However, affidavits from both the licensee and the owner of the patent, swearing to the rights of the licensee, are certainly strong evidence as to the fact that an agreement, whether oral or written, was reached.

Because the Court adopts the R&R as the opinion of the Court insofar as it recommends issuing a preliminary injunction based on the plaintiff's patent claims, the Court need not consider the merits of either plaintiff's Lanham Act or New York unfair completion claims. Accordingly, Executive Chair, its officers, directors, partners, agents, servants, employees, attorneys, subsidiaries, and those acting in concert with any of them, are enjoined from importing, distributing, offering for sale or selling any chair which embodies the design contained in the '488 patent.

SO ORDERED.

Dated: Brooklyn, New York
March 3, 2011

/s/ Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge