

בס״ד

Elie C. Poltorak<br>
(718) 989-9814<br>
elie@poltoraklaw.com<br>
August 30, 2011

<u>VIA ECF</u>

Hon. Steven M. Gold
United States District Court, Eastern District of New York
225 Cadman Plaza East
Chambers 1217, Courtroom 13-D
Brooklyn, NY 11201

**Re:   Blumenthal Distributing, Inc. dba Office Star Products et ano. v. Executive Chair, Inc. dba Shop Seating of Brooklyn (Index # 1:10-CV-01280 (CBA-SMG))**

Dear Judge Gold:

In response to the Court's Order, directing the parties to provide a status update regarding discovery, Defendant states that, while Defendant has fully cooperated with discovery, allowing Plaintiffs to complete their discovery many months ago, Plaintiffs have consistently failed to comply with their discovery obligations in this action.

On February 8, 2011, Defendant commenced the deposition of Plaintiff Tung-Hua Su ("Su").  During the course of the deposition, Mr. Su testified that, contrary to Plaintiffs' prior sworn statements to the Court in support of their application for a Preliminary Injunction, a *written* license agreement exists between Plaintiffs with respect to the patent in suit.  Mr. Su further testified that he had never seen Defendant's document production requests and had not searched for any documents related to this matter; rather, he had relied on Plaintiff Blumenthal Distributing, Inc. ("Blumenthal") "to handle all legal matters on this case."  As such, Defendant was forced to call for the production of said agreement and any other responsive documents, and to adjourn the deposition pending such production.  Despite the fact that close to seven months have passed since the deposition, not a single document has been produced by Mr. Su.

Additionally, Mr. Su did not recall having seen Plaintiffs' responses to Defendant's Interrogatories and could not testify to their veracity.  Counsel for Plaintiffs stipulated that Su would submit a verification of said responses along with any amendments thereto within two weeks of receipt of the transcript.  Although said transcript was furnished to counsel several months ago, no verification has been forthcoming.



Judge Steven M. Gold
August 30, 2011
Page 2

     Upon the parties' consent, the Court extended discovery so as to allow Barry Barsamian, Blumenthal's principal witness, to recovery from knee surgery. However, following Mr. Su's deposition, opposing counsel has failed to respond to any attempt to communicate regarding discovery. Several telephone calls and an e-mail attempting to schedule Mr. Barsamian's deposition (and inquire as to the promised document production) went unanswered.

     In early June, I intended to file a motion to compel and/or sanction Plaintiffs; however, unfortunately, I was incapacitated by a debilitating illness. I have been bedridden for almost three months now. In light of the foregoing, Defendant respectfully requests that the Court stay this matter for 60 days to allow me time to recover from my illness and/or for Defendant to retain new counsel in this matter.

                                                     Respectfully submitted,

                                                     POLTORAK PC

                                                     ____/s ECP_____
                                                        Elie C. Poltorak

CC: Edward R. Schwartz, Esq. (Via ECF)

48803