

ב"ה

Elie C. Poltorak
(718) 943-8815
elie@poltoraklaw.com

December 1, 2011

**VIA ECF**

Hon. Steven M. Gold
United States District Court, Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Room 1217
Brooklyn, NY 11201

   Re: *Executive Chair, Inc. adv. Blumenthal Distributing, Inc.*
     **Case No. 1:10-CV-01280 (CBA-SMG)**

Dear Judge Gold:

  We represent Defendant in the above-captioned matter.

  Plaintiffs' attempt to seek a pre-motion conference in this matter is an attempted end-run around their discovery obligations, with which they continue to refuse to meet. On August 30, 2011, Defendant submitted a letter to the Court setting out some of Plaintiffs' discovery failures. Instead of meeting their discovery obligations, Plaintiffs now attempt to short-circuit them by seeking summary judgment.

  On September 6, 2011, the Court held a teleconference with the undersigned and Edward Schwartz, Esq., counsel for Plaintiffs, during which I informed the Court that despite Plaintiff Su's sworn testimony that a written license exists between the parties, Plaintiffs have refused to produce such a license. Mr. Schwartz informed the court that a written license agreement had already been produced. The Court ordered Mr. Schwartz to submit a letter by September 13, "enclosing any writing constituting a licensing agreement and confirming that no additional such writings exist."

  On September 7, Plaintiffs submitted a letter to the Court enclosing Mr. Su's earlier affidavit to the effect that no written license agreement exists. However, such affidavit is belied by Mr. Su's repeated and unequivocal testimony during depositions that he is in possession of a written license agreement.



Hon. Steven M. Gold
December 1, 2011
Page 2 of 3

On November 9, 2011, the Court held a further conference call with counsel, during which the Court directed Mr. Schwartz to serve "a verification of Mr. Su and responses to interrogatories and document demands by November 23." In response, by letter dated November 16, 2011, Mr. Schwartz did indeed serve a verification by Mr. Su, but enclosed the discovery responses served on Defendant almost a year ago—responses that Mr. Su testified were prepared solely by Plaintiff Blumenthal Distributing.

> Q. Getting back o what we marked as Defendant's Exhibit B [Defendant's document demands], Mr. Su, have you seen this document before?
>
> A. No, but I have authorized Office Star to handle all legal matters on this case.
>
> Q. Have you conducted any searches for any documents relating to this matter?
>
> A. No, I authorized Office Star to carry out everything.
>
> MR. POLTORAK: At this point, we are going to call for the production of documents responsive to our document demands of both plaintiffs which, apparently, Mr. Su never saw before today and hasn't searched for anything. And so we will have to adjourn this deposition at some point to allow Mr. Su to produce responsive documents, and we will have to take it up after we have reviewed his document production. I do want to move on in the meantime and cover some other issues, but we will certainly have to come back to this on a different date.

Tr. of Su Deposition at 24:25-25:25. To date, ***Mr. Su has not produced a single document in this litigation.***

Defendant now seeks a pre-motion conference in connection with its anticipated motion to compel and/or for sanctions and costs, in connection with the following discovery, which Plaintiffs have refused to provide:

i.  Mr. Su's deposition was adjourned, without any objection, so as to allow Mr. Su to produce responsive document. Mr. Su has not produced any responsive documents, and Mr. Schwartz has refused to schedule a continuation of Mr. Su's deposition.

ii. Mr. Schwartz has refused to schedule the deposition of Barry Barsamian, Plaintiff Blumenthal Distributing's principal fact witness.



Hon. Steven M. Gold
December 1, 2011
Page 3 of 3

      iii.     The Court previously ordered—on the grounds of a representation by Plaintiffs that Mr. Barsamian would be their sole fact witness at trial—that the depositions of Richard Blumenthal and Jenifer Blumenthal be conducted telephonically; however, it would be very time-consuming and burdensome to conduct such depositions prior to Mr. Barsamian's deposition. As such, the parties agreed to adjourn such depositions until after Mr. Barsamian has been deposed.

     Additionally, Defendant seeks a pre-motion conference in connection with its anticipated motion to vacate the preliminary injunction fraudulently obtained by Plaintiffs on the basis of their representation that the license agreement between them was oral. In the alternative, Defendant seeks to require Plaintiffs to post an undertaking in connection with the Preliminary Injunction, to indemnify Defendant for any damages sustained in connection therewith.

                                                                             Respectfully submitted,

                                                                             POLTORAK PC

                                                                             Elie C. Poltorak

cc:     Edward R. Schwartz, Esq., CHRISTIE, PARKER & HALE, LLP (via ECF)