

GLENDALE OFFICE

655 North Central Avenue., Suite 2300
Glendale, CA 91203-1445

Post Office Box 29001
Glendale, CA 91209-9001

E-mail: info@cph.com
Tel: (626) 795-9900 • Fax: (626) 577-8800

December 27, 2011

<u>Via ECF</u>

Honorable Chief Magistrate Steven M. Gold
U.S. DISTRICT COURT
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   ***Blumenthal Distributing, Inc. dba Office Star Products and Tung-Hua Su
vs. Executive Chair Seating, Inc. dba Shop Seating of Brooklyn
Civil Action No. 1:10-CV-01280-CBA-SMG
CPH Ref. O177:100.5***

Dear Judge Gold:

Several issues remain concerning discovery in this case, as discussed in the email string attached hereto as Exhibit A.  As stated therein, the unresolved issues are:

1.   Defendant is not satisfied with Su's responses to interrogatories and intends to "prepare a second set of interrogatories focusing specifically on Su."

COMMENT:  Defendants' responses were served over a year ago, on November 29, 2010, and nothing substantively has happened in the case since then.  Further, all of the interrogatories sought in the first set of interrogatories related to information that was solely in the possession of Office Star since all of the activities relating to the allegations in the Complaint occurred in the United States (whereas Su is located in Taiwan).  See Exhibit B hereto.  Defendant's present attempt to serve a further set of interrogatories at this time is an attempt to harass Su.

James B. Christie    (1904-1959)
Robert L. Parker    (1920-1980)
C. Russell Hale    (1916-2004)

David A. Dillard
Thomas J. Daly
Edward R. Schwartz
John D. Carpenter
Wesley W. Monroe
David A. Plumley
Gregory S. Lampert
Mark Garscia
Syed A. Hasan
Robert A. Green
Howard A. Kroll
Michael J. MacDermott
Anne Wang
Constantine Marantidis
Gary J. Nelson
Raymond R. Tabandeh
Josephine E. Chang
Jun-Young E. Jeon
Brian K. Brookey
David J. Steele
Peter C. Hsueh
Oliver S. Bajracharya
Lauren E. Schneider
Daniel R. Kimbell
Gary S. Dukarich
G. Warren Bleeker
Gabriel Fitch
Tiffany A. Parcher
Steven E. Lauridsen
Patrick J. Orme
Nikki M. Dossman
Derek W. Yeung
Jason C. Martone
Joshua T. Chu
David W. Klinger
Bruce A. Wagar, Ph.D.
Phyllis C. Simon
Justin O. Ehresmann, Ph.D.
Shaun P. Lee
Ryan M. Swank
Faustina Y. Lee
Eric C. Arnell
Dustin R. Szakalski

**Of Counsel**
Walter G. Maxwell
Richard A. Wallen

**Patent Agents**
Nicole Ballew Chang, Ph.D.



Honorable Chief Magistrate Steven M. Gold
U.S. DISTRICT COURT
December 27, 2011
Page 2

2.    As previously stated, Barry Barsamian is the person at Office Star who is most knowledgeable concerning the infringement alleged in the Complaint. Barsamian has a number of serious medical conditions which make it very difficult for him to make a cross-country airplane trip. See Declaration of Barry Barsamian, Exhibit C hereto. When the issue of Barsamian's knee operation was brought to the Court's attention earlier this year, the Court ruled that his deposition would take place in California with Plaintiff paying the costs of the airfare for Defendant's counsel. Plaintiff is agreeable to this solution or suggests alternatively, that the deposition of Barsamian (as well as those of Rick Blumenthal and Jennifer Blumenthal) be taken by videoconference. In this regard, if Defendant's counsel does not have videoconference capabilities, Plaintiff will identify a resource that provides videoconferencing in Brooklyn and will pay the costs therefor.

3.    Defendant seeks to again take the deposition of Su. Pursuant to order of the Court, Su's deposition was conducted by telephone on February 8, 2011. Plaintiff is constrained to point out that nothing substantive has happened in this case since it commenced in March 2010. There is no justification, other than harassment, for Su to be deposed for a second time.

4.    Plaintiff again seeks to depose Rick Blumenthal in New York. This is pure harassment. As Defendant has been informed, Blumenthal, Office Star's CEO, is expected to testify at trial solely concerning the history and business of Office Star. He will testify concerning the allegations of infringement only if Barsamian is unable to travel to Brooklyn for the trial. We therefore request that the Court again rule as it did on February 2, 2011, that the deposition of Rick Blumenthal be conducted by telephone (or by videoconference as proposed in Paragraph 2 above.)

5.    The parties agree that filing of summary judgment motions should occur after the depositions have been taken but differ in the amount of time to be allowed for briefing — Plaintiff proposing 30, 45 and 60 days after the close of discovery for filing of motions, oppositions, and replies, whereas Defendant proposes 45, 75 and 90 days from the date of the last deposition.



Honorable Chief Magistrate Steven M. Gold
U.S. DISTRICT COURT
December 27, 2011
Page 3

6.    Defendant still complains that Plaintiff has not produced a written patent license. In response, Plaintiff has stated on numerous occasions that the patent license was oral and has produced on at least two occasions a declaration of Su offering the terms of that license.  A copy of the Su declaration which was previously filed with the Court with explanatory letter on September 7, 2011 is attached hereto as Exhibit D.

Respectfully submitted,


*/s/Edward R. Schwartz*
Edward R. Schwartz

ERS/ses
cc:     Levi Huebner (Via ECF)
        Elie Poltorak (Via ECF)
Enclosures:
        Exhibit A:    Email String
        Exhibit B:    Plaintiffs Blumenthal Distributing, Inc. Dba Office Star Products And Tung-Hua Su's Responses To Defendant, Executive Chair, Inc. Dba Shop Seating Of Brooklyn's First Set Of Interrogatories
        Exhibit C:    Declaration of Barry Barsamian
        Exhibit D:    Declaration of Tung-Hua Su

SES PAS1152756.1-*-12/27/11 1:43 PM



# EXHIBIT A

## Ed Schwartz

| | |
|---|---|
| **From:** | Ed Schwartz |
| **Sent:** | Monday, December 26, 2011 9:16 AM |
| **To:** | 'Elie Poltorak' |
| **Cc:** | 'newyorklawyer@msn.com' |
| **Subject:** | RE: Blumenthal v. Executive Chair |

1a.  When will you be serving these interrogatories directed to Su?

2a.  Barsamian will be our 30(b)(6) designee.  He has severe medical problems which make it very difficult for him to travel by airplane.  He is available for deposition in California.  Further,  we have video capabilities for his deposition if you do not want to travel here.  We will be submitting a declaration concerning his physical problems-- an issue for which you should have more understanding since we have stayed this litigation for many months due to your purported medical problems.

2b. We do not agree to make Su available for a further deposition.  In this regard, what do you intend to question him about that you could not have brought up at the deposition which you conducted?

2c.  Rick Blumenthal will testify at trial concerning the general business of his company if necessary.  He will only testify about other matters if Barry Barsamian is not able to come to New York to testify.  Jennifer Blumenthal will not be a witness at trial.  As such, the interruptions to Office Star's business by having its CEO out of the office for three days for you to depose him concerning the general business of Office Star is abusive.

3.  Your briefing schedule is too long.  I propose that motions be served no later than 30 days after the close of discoveryas to be set by Magistrate Gold, oppositions be served 45 days after the close of discovery, and replies 60 days after the close of discovery.

4.  We have produced the declaration of Su attesting to the terms of the oral license agreement to you on multiple occasions.  Your continued assertions to the contrary are frivolous.

---

**From:** Elie Poltorak [mailto:elie@poltoraklaw.com]
**Sent:** Thursday, December 22, 2011 5:06 AM
**To:** Ed Schwartz
**Cc:** 'newyorklawyer@msn.com'
**Subject:** RE: Blumenthal v. Executive Chair

Ed:
Responding to each  issue you raised in  turn:
1.  Outstanding written discovery demands:
    a.  Interrogatories: Although you have now provided a verification by Su of Blumenthal's responses to the Interrogatories, Su has not actually provided the information within his knowledge that is responsive to the interrogatories. However, rather than arguing about this, I will prepare a second brief set of interrogatories focusing specifically on Su.
    b.  Document production:  Su has not produced a single document during the course of this litigation. During his deposition, he testified that he had not seen Defendant's document requests.  I find it hard to believe that Su is not in possession of a single document responsive to Defendant's requests.  When his deposition resumes, I will of course question Su about this, so I strongly suggest that you verify that he is not in fact in possession of any responsive documents that have not yet been produced.  The foregoing

Exhibit A

is without prejudice to Defendant's right to address the deficiencies in Blumenthal's responses to its document requests, as well as to propagate additional requests.

2. Outstanding depositions:
   a. You have previously indicated that Barry Barsamian will be your 30(b)(6) witness. Is that still the case?
   b. Su: When can you make Mr. Su available to complete his deposition? To the extent Su will finally produce responsive documents, such production must be made with sufficient time for review prior to the deposition.
   c. As the judge pointed out to you during our last conference call with the court, the Order allowing Mr. Barsamian to be deposed in California was an accommodation due to his knee surgery. Now that he's recovered from the knee surgery, there is no reason why he shouldn't appear in New York for his deposition. Moreover, the Court allowed the other witnesses to be deposed by telephone solely on the grounds of your representation that Mr. Barsamian would be Blumenthal's sole witness at trial. Now that you've withdrawn said representation, we demand that you produce Messrs. Barsamian and Blumenthal within the Eastern Distrcit of New York—Plaintiff's chosen forum.
   d. Based on your continuing representation that Jennifer Blumenthal will not be a witness, we can conduct her deposition over the telephone; however, it wouldn't make sense to do so until the other depositions are complete so that I can focus my questioning on tying up any loose ends, saving everyone's time.

3. Briefing Schedule:
   a. Firstly, Executive Chair intends to move for summary judgment as well, so any briefing schedule should apply to both motions.
   b. Secondly, we cannot set a schedule until we nail down dates for completing depositions. I propose 45 days from last deposition for motions, 30 days for oppositions, and 15 days for Replies.

4. The license agreement: Despite being ordered by the Court to do so repeatedly, you _still_ have not produced the written license agreement the existence of which Su testified to under oath. Your letter to the Court, dated September 7, 2011, in which you confirm "that no additional writing exist which constitute a written license between Su and Blumenthal concerning the '488 Patent or which vary the terms states by Su in the attached declaration," is inadequate for the following reasons:
   a. You write "no ADDITIONAL writings exist" but you have not produced ANY writings.
   b. In the previous conference call with the Court, you unequivocally represented to the Court that you had already produced a written license agreement.
   c. Your "confirmation" flies in the face of your client's sworn testimony during his deposition. Is it your position that said testimony was perjurious?
   d. The Su Declaration annexed to your letter does not deny the existence of a written license agreement. Accordingly, we renew our demand that you produce a written license agreement or a sworn statement by Mr. Su denying its existence.

5. Fred: On page 61 of the transcript of Su's deposition, you stipulated that you would find out who "Fred" is and identify him. I do not recall your doing so. If you already have, please point me to where I can find the information. If not, please do so now.

Best,
Elie

**Elie C. Poltorak**

POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, NY 11233

Direct: (718) 989-9814
Office: (718) 943-8815
Fax: (718) 943-8816

Email: elie@poltoraklaw.com
Web: www.poltoraklaw.com

POLTORAK PC
Attorneys & Counselors at Law

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Ed Schwartz [mailto:Ed.Schwartz@cph.com]
**Sent:** Tuesday, December 13, 2011 1:15 PM
**To:** 'Levi Huebner'; Elie Poltorak
**Subject:** Blumenthal v. Executive Chair

Pursuant to the Order dated December 1, 2011, we need to confer concerning the following issues:

1. Outstanding discovery demands:
2. Anticipated depositions;  and
3. Briefing schedule re Blumenthal's anticipated summary judgment motion.

Re Nos. 1 and 2-- Plaintiff does not have any outstanding discovery requests and does not intendd to take any further depositions.  Please let me know if there is any written discovery which you have sought to date to which you contend we have not responded and what depositions you seek to take.  As to the latter issue, I confirm that Barry Barsamian and Richard Blumenthal will be the only representatives of Blumenthal Distributing who would testify at trial if necessary.   We will make them available for deposition either by telephone or in California in accordance with the Court's order dated February 2, 2011.

As for the briefing schedule, I propose that the motion papers be due by February 14, 2012; your opposition by February 28, 2012; and our reply by March 6, 2012.

I look forward to your response.

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. dba OFFICE STAR PRODUCTS AND TUNG-HUA SU,<br><br>Plaintiffs,<br><br>vs.<br><br>EXECUTIVE CHAIR, INC. dba SHOP SEATING OF BROOKLYN<br><br>Defendant. | Case No.  1:10-CV-01280-CBA-SMG<br><br>**PLAINTIFFS BLUMENTHAL DISTRIBUTING, INC. DBA OFFICE STAR PRODUCTS AND TUNG-HUA SU'S RESPONSES TO DEFENDANT, EXECUTIVE CHAIR, INC. DBA SHOP SEATING OF BROOKLYN'S FIRST SET OF INTERROGATORIES** |
| AND RELATED COUNTERCLAIMS. | |

Plaintiffs Blumenthal Distributing, Inc. and Tung-Hua Su responds as follows to the First Set of Interrogatories propounded to them by Defendant, Executive Chair, Inc.

## GENERAL OBJECTIONS

Plaintiffs object to the interrogatories to the extent that they seek information which is subject to the attorney client and/or work product privileges.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify the name, title, business address, residential address, occupation, current employment, all known telephone numbers, e-mail addresses, and date of birth of the person signing the responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1**:

Objection.  The request seeks information which is beyond the scope of permissible discovery as defined by Rule 26, Fed. R. Civ. P.  Without waiving the foregoing objections, plaintiffs identify the following persons:

Exhibit B

Barry N. Barsamian
Vice President Corporate Projects/Supply Chain
Office Star Products
1901 South Archibald Avenue
Ontario, California 91761
Tel. 909-930-2000

Edward R. Schwartz
Intellectual Property Attorney
Christie, Parker & Hale, LLP
350 West Colorado Boulevard, Suite 500
Pasadena, California 91105
Tel. 626-795-9900

**INTERROGATORY NO. 2**:

Identify all persons who have knowledge of facts related to the subject matter of this litigation and, as to each person identified, set forth the substance of facts as to which such person has knowledge.

**RESPONSE TO INTERROGATORY NO. 2**:

Richard Blumenthal, Jennifer Blumenthal, Amy Chen, Barry Barsamian — re Office Star's license of the patent-in-suit, the business of Office Star Products including its promotion and sale of 5500 and 5700 chairs, the earned success of the 5500 and 5700 chairs, Office Star's profit margins, and Executive Chair's infringement; Tung-Hua Su re creation of the design embodied in the patent-in-suit.

**INTERROGATORY NO. 3**:

Identify all persons who assisted in the preparation of the answers to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 3**:

Barry Barsamian and Edward R. Schwartz

Exhibit B

**INTERROGATORY NO. 4**:

Identify all documents referred to in and in the preparation of, your Complaint and the replies to these interrogatories or otherwise relevant to this action, if not previously identified, and attach a copy of all documents identified in answering any interrogatory.

**RESPONSE TO INTERROGATORY NO. 4**:

Objection.  The request is overly broad and unduly burdensome and seeks to impose responsibilities on Plaintiffs which are beyond that provided in Rule 33, Fed. R. Civ. P.

**INTERROGATORY NO. 5**:

Identify the elements you allege are novel and distinctive in the 5500/5700 chairs.

**RESPONSE TO INTERROGATORY NO. 5**:

The chairs' overall appearance including the size, shape and related dimensions of the various components of the chairs, including the size, curvature and shape of the back and seat cushions, the armrests, armrest supports, the floor base and the lumbar support; the mesh across the back seat cushion; the pattern of holes in the lumbar support and the size and shape of the frame which attaches to the back seat and floor base.

**INTERROGATORY NO. 6**:

Identify the points of novelty embodied in the '488 Patent.

**RESPONSE TO INTERROGATORY NO. 6**:

Objection.  The request seeks information which is beyond the scope of permissible discovery permitted by Rule 26, Fed. R. Civ. P., without waiving the foregoing objection, Plaintiffs identify the following points of novelty — the shape and pattern of holes of the lumbar support and the shape of the frame which attaches the back seat to the floor base.

**INTERROGATORY NO. 7**:

Identify the alleged similarities between the Accused Chair and the design embodied in

-3-

Exhibit B

the '488 Patent.

**RESPONSE TO INTERROGATORY NO. 7**:

The Accused Chair is similar to the design embodied in the '488 Patent as to each element identified in Response to Interrogatory No. 5 above.

**INTERROGATORY NO. 8**:

Identify the alleged similarities between the Accused Chair and 5500/5700 Chairs.

**RESPONSE TO INTERROGATORY NO. 8**:

The Accused Chair is similar to the design embodied in the '488 Patent as to each element identified in Response to Interrogatory No. 5 above.

**INTERROGATORY NO. 9**:

Set forth your efforts and expenditures to promote the 5500/5700 chairs and identify any such promotional efforts or materials.

**RESPONSE TO INTERROGATORY NO. 9**:

Blumenthal has promoted the 5500/5700 chair on its Internet website and has paid hundreds of thousands of dollar to its customers to promote the products in their catalogs, brochures and Internet website.

**INTERROGATORY NO. 10**:

Set forth the terms of the license agreement between Su and Office Star.

**RESPONSE TO INTERROGATORY NO. 10**:

Su has granted to Blumenthal the exclusive right to import, offer for sale, sell, products covered by the patent-in-suit. Su has also granted Blumenthal the exclusive right to sue for infringement of the patent-in-suit. Blumenthal has agreed to purchase the 5500/5700 chairs exclusively from Su or his company.

Exhibit B

**INTERROGATORY NO. 11**:

Set forth communications between Blumenthal and Su related to the 5500/5700 chairs and the '488 Patent.

**RESPONSE TO INTERROGATORY NO. 11**:

Objection.  The request is overly broad and unduly burdensome and seeks information which is beyond the scope of permissible discovery as defined in Rule 26, Fed. R. Civ. P.

**INTERROGATORY NO. 12**:

Set forth the factual basis for your allegation that Defendant infringed and induced others to infringe the '488 Patent.

**RESPONSE TO INTERROGATORY NO. 12**:

Executive Chair has directly infringed the '488 Patent by importing, offering for sale, and selling chairs which infringe the '488 Patent.  Executive Chair has induced its customers to infringe the '488 Patent because such customers have either used, offered for sale or sold chairs which infringe the '488 Patent.

**INTERROGATORY NO. 13**:

Set forth the factual basis for the allegations contained in paragraphs 18 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 13**:

Office Star and its customers have exclusively promoted the 5500/5700 chair since 2004. The 5500/5700 chairs have experienced an outstanding commercial success resulting in the design having become recognized by the trade and consuming public as a designation of a single source of origin.  Executive Chair's copying of this design to trade on Office Star's goodwill in the chairs evidence their secondary meaning.

Exhibit B

**INTERROGATORY NO. 14**:

Set forth the factual basis for the allegations contained in paragraphs 19 of your Complaint.

**RESPONSE TO INTERROGATORY NO. 14**:

Executive Chair's sale of the Accused Chair is likely to cause confusion because the design of the 5500/5700 chairs is recognized as a designation of source, the design of the Accused Chair is confusingly similar to the design of the 5500/5700 chairs, the parties' respective chairs and sold in the same channels of trade to the same class of customers and Executive Chair intentionally copied the design of the 5500/5700 chairs to trade on Blumenthal's established goodwill in the design of the 5500/5700 chairs.

**INTERROGATORY NO. 15**:

Set forth the factual basis for your assertion that Defendant had knowledge of the sales success of the 5500/5700 Chairs.

**RESPONSE TO INTERROGATORY NO. 15**:

Executive Chair had been a customer of Office Star for the 5500/5700 chairs and touted the chairs' sales success.   Executive Chair's copying of the design of the 5500/5700 chairs evidence its knowledge of their sales success.

**INTERROGATORY NO. 16**:

State any facts indicating that Defendant had notice of the '488 patent prior to the filing of this lawsuit, including but not limited to, the identification of the date, method, substance, and author of the communication that constitutes the notice, and the identification of all documents that refer or relate to the notice.

**RESPONSE TO INTERROGATORY NO. 16**:

Plaintiffs are not aware of any such facts.

Exhibit B

**INTERROGATORY NO. 17**:

State any facts indicating that any products were marked with the '488 patent, including but not limited to, the identification of the products, the manufacturer of the products, the date the products were placed on the market and the patent numbers appearing on the products, and the identification of all documents that refer or relate to the marking.

**RESPONSE TO INTERROGATORY NO. 17**:

Plaintiffs are not aware of any such facts.


Sworn to under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 29, 2010, in Ontario, California.

Barry N. Barsamian


DATED:  November 29, 2010

Objections by:

By
Edward R. Schwartz

**CHRISTIE, PARKER & HALE, LLP**
**350 West Colorado Blvd., Suite 500**
**Pasadena, California 91105**
**Phn:   (626) 795-9900; Fax: (626) 577-8800**
**Email:  ers@cph.com**

Attorneys for Plaintiffs,
BLUMENTHAL DISTRIBUTING, INC. dba
OFFICE STAR PRODUCTS and TUNG-HUA SU

SFN-PAS930601.1 - 11-29-10 10:42 AM

-7-

## CERTIFICATE OF SERVICE

I certify that on November 29, 2010, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as PLAINTIFFS BLUMENTHAL DISTRIBUTING, INC. DBA OFFICE STAR PRODUCTS AND TUNG-HUA SU'S RESPONSES TO DEFENDANT, EXECUTIVE CHAIR, INC. DBA SHOP SEATING OF BROOKLYN'S FIRST SET OF INTERROGATORIES was served on the parties in this action by electronic mail and U.S. Postal Service, First Class Mail, addressed as follows:

Elie C. Poltorak
POLTORAK PC
1650 Eastern Parkway, Suite 400
Brooklyn, New York 11233

Phone: 718-943-8815
Fax:    718-943-8816
Email: elie@poltoraklaw.com

*Attorneys for Defendant,*
*Executive Chair*

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on November 29, 2010 at Pasadena, California.

Suzanne Swezey

**VERIFICATION**

I, Tung-Hua Su, declare that I am a party to this action, and that I have read the foregoing "Plaintiffs Blumenthal Distributing, Inc. dba Office Star Products and Tung-Hua Su's Responses to Defendant, Executive Chair, Inc. dba Shop Seating of Brooklyn's First set of Interrogatories," and know the contents thereof. I either know of my own knowledge or am informed and believe that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __15th Nov__, 2011, in No. 6, Sec 3, Baoda Rd., Kuwi Jen Hsiang, Tainan Hesien, Taiwan.

_Tung-Hua Su_
_____
Tung-Hua Su

-1-

Exhibit B

# EXHIBIT C

EDWARD R. SCHWARTZ (ES7787)
ers@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone:     (626) 795-9900
Facsimile:      (626) 577-8800

*Attorneys for Defendant,*
*BLUMENTHAL DISTRIBUTING, INC.*
*dba OFFICE STAR PRODUCTS*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. AND TUNG-HUA SU, <br><br> Plaintiffs, <br><br> vs. <br><br> EXECUTIVE CHAIR, INC., <br><br> Defendant. | Case No.  1:10-CV-01280-CBA-SMG |
| AND RELATED COUNTERCLAIMS. | |

### DECLARATION OF BARRY BARSAMIAN

I, Barry Barsamian, declare:

1.      I am the Vice President of Corporate Projects of Plaintiff Blumenthal Distributing, Inc. which does business under the trade name Office Star Products ("Office Star"). I make this declaration based on personal knowledge and could and would competently testify concerning the matters contained herein if called upon to do so.

2.      I have been employed at Office Star since 1999.  I am thoroughly familiar with the marketing and sales of Office Star's product line including its 5500 and 5700 chairs and am the person at Office Star who is most knowledgeable concerning the facts underlying the present lawsuit.

Exhibit C

3.     With regards to flying to New York: I have handicaps which make such travel very difficult.

      a.     I suffer from sleep apnea which triggered a stroke on my right side for which I have mostly recovered.  However, I cannot travel without the equipment I must wear to avoid a possible subsequent stroke during sleeping sequence.

      b.     My cancer surgery which required total removal of my prostrate causes frequent lavatory visits and need to be in a timely manner.

      c.     I had a total knee replacement earlier this year which makes it very difficult to stay in one position for long periods of time and it is difficult to move through tight places, such as an airplane.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on December 27, 2011, in Ontario, California.

Barry Barsamian

SES PAS1152648.1-*-12/27/11 9:29 AM

-2-

Exhibit C

# EXHIBIT D



CHRISTIE | PARKER | HALE LLP
Leaders in Intellectual Property Law & Complex Litigation

PASADENA OFFICE
350 W. Colorado Blvd., Suite 500
Pasadena, CA 91105
Post Office Box 7068
Pasadena, CA 91109-7068
E-mail: info@cph.com
Tel: (626) 795-9900 · Fax: (626) 577-8800

September 7, 2011

<u>Via ECF</u>

Honorable Chief Magistrate Steven M. Gold
U.S. DISTRICT COURT
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

**Re:** *Blumenthal Distributing, Inc. dba Office Star Products and Tung-Hua Su*
*vs. Executive Chair Seating, Inc. dba Shop Seating of Brooklyn*
*Civil Action No. 1:10-CV-01280-CBA-SMG*
**CPH Ref. O177:100.5**

Dear Judge Gold:

Pursuant to the Minute Order dated September 7, 2011, Plaintiffs hereby enclose a copy of the Declaration of Plaintiff Tung-Hua Su ("Su") (as well as a copy of the notice of electronic filing of the declaration from the Court) which confirms the oral exclusive license which Su granted to Plaintiff Blumenthal Distributing, Inc. ("Blumenthal") to sell and use in the United States and import into the United States chairs which embody the design claimed in United States Patent No. D510,488 (the "'488 Patent") and to sue for infringement of the patent. This declaration was previously filed with the Court on September 8, 2010 in support of Blumenthal's reply in support of its Motion for a Preliminary Injunction. See Response to Order filed on September 21, 2010 in which Blumenthal states that its license agreement was oral and that there was no written license agreement. See also, Report and Recommendation dated November 9, 2010, pp. 2, 7-8, in which the Court recognized the existence of an oral license and the terms thereof. The undersigned counsel for Plaintiffs hereby confirms that no additional writing exist which constitute a written license between Su and Blumenthal concerning the '488 Patent or which vary the terms states by Su in the attached declaration.

Respectfully submitted,

/s/Edward R. Schwartz
Edward R. Schwartz

ERS/ses
cc:    Elie Poltorak (Via ECF)
Enclosures

SES PAS1136673.1-*-09/7/11 11:06 AM

James B. Christie   (1904-1959)
Robert L. Parker    (1920-1980)
C. Russell Hale     (1916-2004)

David A. Dillard
Thomas J. Daly
Edward R. Schwartz
John D. Carpenter
Wesley W. Monroe
David A. Plumley
Gregory S. Lampert
Mark Garscia
Syed A. Hasan
Howard A. Green
Michael J. MacDermott
Anne Wang
Constantine Marantidis
Gary J. Nelson
Raymond R. Tabandeh
Josephine E. Chang
Jun-Young E. Jeon
Brian K. Brookey
David J. Steele
Peter C. Hsueh
Oliver S. Bajracharya
Lauren E. Schneider
Daniel R. Kimbell
Gary S. Dukarich
G. Warren Bleeker
Gabriel Fitch
Tiffany A. Parcher
Steven E. Lauridsen
Patrick J. Orme
Nikki M. Dossman
Derek W. Yeung
Jason C. Martone
Joshua T. Chu
David W. Klinger
Bruce A. Wagar, Ph.D.
Phyllis C. Simon
Justin O. Ehresmann, Ph.D.
Shaun P. Lee
Ryan M. Swank*
Faustina Y. Lee

**Of Counsel**
Walter G. Maxwell
Richard A. Wallen

**Patent Agents**
Nicole Ballew Chang, Ph.D.

*Admitted only in AZ

Exhibit D

CHRISTIE | PARKER | HALE LLP
Leaders in Intellectual Property Law & Complex Litigation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BLUMENTHAL DISTRIBUTING, INC. dba
OFFICE STAR PRODUCTS

        Plaintiff,

    vs.

EXECUTIVE CHAIR, INC. dba
SHOP SEATING OF BROOKLYN

        Defendant.

---

Case No.  1:10-CV-1289-CBA-SMG

**DATE:**    **April 9, 2010**
**TIME:**    **2:00 p.m.**
**CTRM:**   **10D**

**JUDGE:**  **Hon. Carol B. Amon**

### DECLARATION OF TUNG-HUA SU
### IN SUPPORT OF PLAINTIFF'S APPLICATION
### FOR A PRELIMINARY INJUNCTION

Tung-Hua Su states:

1.    I make this declaration based on personal knowledge and could competently testify to the facts stated herein if called upon to do so.

2.    I am the owner of United States Patent No. D510,488 entitled CHAIR (the "'488 Patent").

3.    I have granted to Blumenthal Distributing, Inc. ("Blumenthal") the sole and exclusive license to sell and use in the United States and import into the United States chairs which embody the design claimed in the '488 Patent.

4.    I have also granted to Blumenthal the exclusive right to sue for infringement of the '488 Patent including the right to seek injunctions and/or monetary damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on April 8, 2010, in No. 6, Sec 3, Baoda Rd., Kuwi Jen Hsiang, Tainan Hsien, Taiwan.

Tung-Hua Su

_____
Tung-Hua Su

SES PAS896297.1-*-04/8/10 11:22 AM

-1-

Exhibit D