```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BLUMENTHAL DISTRIBUTING, INC.,

                    Plaintiff,                              ORDER
                                                            10-CV-1280 (CBA)
    -against-

EXECUTIVE CHAIR, INC.,

                    Defendant.
------------------------------------------------------x
```
*Gold, S., United States Magistrate Judge*:

Earlier today, defendant filed a letter application seeking to modify a ruling made during a conference held on January 9, 2012. Docket Entry 81. Essentially, this is a motion for reconsideration. After considering both this application and plaintiff's opposition to it, Docket Entry 82, I deny the motion for the reasons stated below.

A party moving for reconsideration must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not, however, "be used as a vehicle to advance new theories or adduce new evidence in response to the court's rulings." *Chin v. U.S. Postal Serv.*, 2009 WL 3174144, at *1 (E.D.N.Y. Oct. 1, 2009) (internal quotations and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader*, 70 F.3d at 257. Moreover, a motion to reconsider should be denied "where the moving party seeks solely to relitigate an issue already decided." *Id.*

The application fails because it does not point to law or facts not already presented and considered at the January 9th conference. Moreover, the gist of defendant's argument is that the scope of the deposition should be enlarged because of a recent document disclosure. The only

significant disclosure made following the first part of Su's deposition, however, was of a single page document styled as an assignment. *See* Docket Entry 78, Ex. A. Questioning about that assignment is within the scope of my ruling on the deposition's subject matter, and the previously set time limit of two and a half hours is more than sufficient for those questions. Accordingly, the motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
January 13, 2012

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

*U:\rmk 2011-12\Blumenthal v Exec Chair 1 13 12 Order.docx*